UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:89-cr-120 |
| Plaintiff-Respondent, | Case No. 1:94-cr-95 |
| v. | HONORABLE PAUL L. MALONEY |
| REFUGIO ARZOLA VASQUEZ, | Magistrate Judge Carmody |
| Defendant-Petitioner. | |

## OPINION and ORDER

**Recharacterizing Motion for Sentencing Adjustment as a 28 U.S.C. § 2241 Habeas Petition; Transferring Petition to U.S. District Court for W.D. Texas Pursuant to 28 U.S.C. § 1631;**

**Declining to Issue a Certificate of Appealability**

Defendant Refugio Arzola Vasquez ("Vasquez"), a deportable alien, pled guilty to possession of counterfeit currency in violation of 18 U.S.C. § 472 (Case No. 1:89-cr-120-1), and the court further adjudicated him guilty of failure to appear for sentencing in violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(1), and (b)(2). In January 2008, this judge sentenced Vasquez to six months imprisonment on the possession of counterfeit currency conviction, plus a consecutive twenty-four months imprisonment on the failure-to-appear conviction, followed by two concurrent three-year terms of supervised release. These sentences were within the range recommended by the applicable Advisory U.S. Sentencing Guidelines. Vasquez appealed, and the U.S. Court of Appeals for the Sixth Circuit ("the Sixth Circuit") affirmed his sentence.

Vasquez, serving his sentence at a "low security" federal prison in Big Spring, Texas, filed

a "motion for sentencing adjustment" on May 12, 2009 ("Mot."). The motion seeks to present the following issue: "whether unusual harsh collateral consequences that are visited by law on a petitioner as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required [sic] by the sentencing guideline." Mot. at 1. Specifically, Vasquez complains that his "status [sic] as a deportable Alien," i.e., his illegal entry into this country, renders him "ineligible to received [sic] the reward[s] which are offered for the residential drug abuse program (DAP)." Mot. at 1. Vasquez argues, in pertinent part,

> The United [S]tates Attorney devoted a considerable part of his argument to justify[ing] the disparated [sic] treatment to which aliens are subject. This argument, however, misses the main point. Even if deportation is reasonable and disp[a]rate treatment is justified, this does not change the fact for a resident alien who is convicted of a drug-related offense[ that t]he punishment is not the same as for one imposed on (A) a non-alien who has committed the same act. Thus, the germ[ane] question is whether some downward adjustment of imprisonment time, is appropriate to mitigate the extraordinary disparate penalty the petitioner faces as a result of his conviction. * * *
>                                         * * *
> Solely because of his status as a deportable alien, the Petitioner['s] sentence will be served under circumstance[s] that are more severe than those facing a United States citizens [sic], who are equally culpable who receive the identical guideline sentence[; because] the defendant petitioner will not be eligible to serve his sentence in minimum security facilit[ies] nor a portion of the last ten (10) percent of his sentence in a half-way house or other community custody program including home confinement, Petitioner has the right to receive a reduction of sentence not to exceed six (6) months.

Mot. at 4-6 (citing *Restrepo v. US*, 802 F. Supp. 781 (E.D.N.Y. 1992)).[1] The court ordered the government to respond to the motion no later than Monday, June 29, 2009, and the government filed an opposition brief on Thursday, June 25, 2009. The same order stated that Vasquez "may" file a

---

[1] The U.S. Court of Appeals for the Second Circuit reversed the district-court decision on which Vasquez relies, and the U.S. Supreme Court declined to review the case. *See US v. Restrepo*, 999 F.2d 640 (2d Cir.), *cert. denied*, 510 U.S. 954 (1993).

reply brief no later than Friday, July 31, 2009, but the court's conclusion that it lacks jurisdiction over the instant claim obviates the need to wait and see if Vasquez files a reply brief.

> Title 28 U.S.C. § 2255(a) provides as follows:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

But if the prisoner is challenging the *execution* of the sentence or the *manner* in which it is served, as opposed to its legality, he must seek relief pursuant to 28 U.S.C. § 2241 "in the court having jurisdiction over the prisoner's custodian . . . ." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citing *US v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) and *Wright v. US Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) and out-of-circuit decisions).

**The court determines that Vasquez's "motion for sentencing adjustment" challenges the manner in which he is being required to serve his sentence.** The court agrees with our sister court's reasoning in *Dishmey v. US*, 929 F. Supp. 551 (D.P.R. 1996), where an illegal alien serving a sentence for a cocaine offense sought a downward departure to compensate for the fact that as an illegal alien, he was not eligible for home confinement, furlough, residence in a "halfway house", and drug-rehabilitation programs. The district court there correctly reasoned that it had no jurisdiction because

> [t]he gravamen of petitioner's complaint goes to the manner in which his sentence is being executed, not the legality of his sentence. His true grievance is the Bureau of Prison[s'] policy of prohibiting deportable aliens from participating in home confinement, furloughs, and other programs. Section 2255 does not grant

3

> jurisdiction over claims attacking the execution, rather than the imposition or illegality of a sentence.

*Dishmey*, 929 F. Supp. at 553 (citation omitted). *See also Jimenez v. US*, 2007 WL 3232469, *3 (S.D. Ohio Nov. 1, 2007) (Sargus, J.) ("He asserts that he is being denied equal protection and due process because he is ineligible to be housed at a minimum security prison, or for the prison's drug treatment program or work release, and unable to serve any of his sentence at a halfway house[,] because he is not an American citizen. Petitioner further asserts that he thereby is unconstitutionally subject to a harsher sentence and prison conditions than American prisoners. Petitioner brings this action under 28 U.S.C. § 2255; however, the Court notes that challenges to the execution of a prisoner's sentence under 28 U.S.C. § 2241 must be brought in the judicial district of the prison where the petitioner is housed.").[2]

---

[2]

*Accord* **4th Circuit**, *Gomez v. US*, 2007 WL 3232535, *3 (W.D.N.C. Oct. 31, 2007) (Conrad, C.J.) ("Petitioner claims that he is being discriminated against as a 'non-citizen alien' because he is not eligible for Bureau of Prisons (BOP) early-release programs and other benefits that are available to American citizens. * * * As a remedy, he asks the court to reduce his sentence . . . . * * * [T]he motion . . . must be denied under § 2255 because it relates to the execution of the sentence, and not its validity.") (footnote 2 omitted), *app. dis.*, 267 F. App'x 261 (4th Cir.), *cert. denied sub nom. Rico-Gomez v. US*, – U.S. –, 129 S.Ct. 179 (2008);

**5th Circuit,** *Sanchez-Beltran v. US*, 2009 WL 1754292, *6 (S.D. Tex. June 19, 2009) (Micaela Alvarez, J.) ("[H]is assertion – that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States – actually concerns the execution of a sentence, not the sentence's validity, and is therefore only proper under 28 U.S.C. § 2241.") (citing *Carvajal v. Tombone*, 31 F. App'x 155 (5th Cir. 2001) (p.c.) (Higginbotham, Barksdale, Stewart));

*US v. Recinos-Gallegos*, 151 F. Supp.2d 659, 660 (D. Md. 2001) (Smalkin, J.) ("it has been persuasively held elsewhere that an equal protection challenge to an alien's ineligibility for prison programs and the like, as urged by the present motion, is not a ground for relief under 28 U.S.C. [§] 2255, but should be presented in a habeas corpus petition under section 2241.") (citing *US v. Acevedo*, 7 F. App'x 850 (10th Cir. 2001) (Seymour, Baldock, Lucero)).

**9th Circuit**, *US v. Madrigal-Madrigal*, 2005 WL 2271930, *2 (E.D. Cal. Sept. 14, 2005)

**Likewise, because Vasquez by his own words is challenging the "circumstances" in which he is serving his sentence, he must proceed under 28 U.S.C. § 2241, and only the federal district court which has jurisdiction over his custodian (the warden of the federal prison in Big Spring, Texas) may entertain a § 2241 petition.** *Accord Baboolal v. US*, 2009 WL 939570, *1 and *2 (E.D. Wis. Apr. 3, 2009) (Adelman, J.) ("First, petitioner states that contrary to his expectations and my recommendations[,] the BOP has not housed him at a minimum security facility or camp, or transferred him to a Canadian prison. [B]ecause he is not a U.S. citizen, the BOP has confined him in a secure, private contract facility in Georgia, which offers no pre-release or educational opportunities and no ability to secure a transfer to Canada. Second, Petitioner indicates that non-citizen prisoners serve more than 85% of their sentences and are not granted community correctional release or other educational and programming opportunities afforded citizens. * * * Petitioner's claims relating to the execution of his sentence, including those regarding prison placement, consideration for transfer or community release, and good time credits, should be heard in the Southern District of Georgia, where petitioner is confined. The sentencing court lacks jurisdiction to consider a § 2241 petition raising such challenges.") (citing, *inter alia*, *US v. Mittelstaedt*, 790 F.2d 39, 41 (7th Cir. 1986)) (footnote 2 omitted).

**However, the court declines the government's request to dismiss Vasquez's motion for sentencing adjustment.** Title 28 U.S.C. § 1631 provides,

---

("[H]e asserts that he is being denied his right to participate in a drug rehabilitation program under 18 U.S.C. § 3621(e) to reduce his sentence by one year because of his status as an [illegal] alien. * * * This claim is properly brought under 28 U.S.C. § 2241, not [by a 28 U.S.C.] § 2255 motion.");

**10TH Circuit**, *Urias v. US*, 2009 WL 1079842, *3 (E.D. Okla. Apr. 22, 2009) (James Payne, J.) (citing *US v. Tamayo*, 162 F. App'x 813, 815 (10th Cir. 2006)).

5

> Whenever a civil action is filed in a court as defined by section 610 of this title . . . is noticed for or filed in such a court and that court finds that there is want of jurisdiction, the court *shall*, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The court determines that the more just and efficient course of action is to transfer Vasquez's "motion for sentencing adjustment", construed as a petition under 28 U.S.C. § 2241, to the federal district court which has jurisdiction over the warden of Vasquez's prison. *See Roman v. Ashcroft*, 340 F.3d 314, 329 (6th Cir. 2003) ("We believe that it would be in the interest of justice to transfer the [§ 2241] action because a dismissal of the action would only cause Roman to incur the additional expense of filing the same habeas corpus petition in the Western District of Louisiana."); *In re Walker*, No. 00-5262, 238 F.3d 426, 2000 WL 1517155, *2 (6th Cir. Aug. 4, 2000) ("[W]e transfer this case to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1631 for further proceedings on his § 2241 petition."); *In re Payton*, No. 00-5204, 211 F.3d 1270, 2000 WL 572056 (6th Cir. May 1, 2000) (p.c.) (Ryan, Boggs, D.J. Duggan) ("[W]e deny the §§ 2254/2255 petition as unnecessary . . . and transfer ths case to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1631 for further proceedings."); *Parks v. Williamson*, 2009 WL 302229, *1 (E.D. Ky. Feb. 6, 2009) (where prisoner filed § 2241 petition in Pennsylvania but was subsequently moved to a prison in Pine Knot, Kentucky, the federal district court in Pennsylvania transferred the case to the Eastern District of Kentucky). *Cf. Woody v. Marberry*, 178 F. App'x 468, 473 (6th Cir. 2006) (where district court recharacterized part of purported section 2241 petition as a section 2255 motion, it erred in dismissing the latter motion

6

rather than affording petitioner the opportunity to have it transferred to the federal district where it could have been brought).[3]

The prison where Vasquez is incarcerated is located in the City of Big Spring, Texas, which lies in Howard County, Texas. *See* http://www.mybigspring.com/Recreation/locatecbs.htm, City of Big Spring official website, retrieved Monday, June 29, 2009. Thus, the prison lies within the federal judicial jurisdiction of the Western District of Texas. *See* http://www.txwd.uscourts.gov/general/county.asp, website of the U.S. District Court for the Western District of Texas, retrieved Monday, June 29, 2009.

**ORDER**

The defendant's "motion for sentencing adjustment" [doc. # 32] is **CHARACTERIZED** as a motion under 28 U.S.C. § 2241.

The defendant's "motion for sentencing adjustment" [doc. # 32] is **TRANSFERRED** to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1631.

**This is not a final, appealable order.** *See US v. White*, 53 F. Supp.2d 976, 980 (W.D. Tenn. 1999) (Donald, J.) ("As this case is not being closed, but only transferred, there is no final order from

---

[3] This disposition obviates the need to consider the government's alternative arguments that Vasquez waived this argument by failing to raise it on direct appeal, and that the argument lacks merit. Indeed, it might be inappropriate for this court to venture an opinion on the merits of Vasquez's argument in the absence of jurisdiction over Vasquez's § 2241 petition. *See Roggio v. Clark*, No. 92-5142, 977 F.2d 582, 1992 WL 289565, *2 (6th Cir. Oct. 14, 1992) (p.c.) (Nelson, Siler, W.D. Mich. D.J. Wendell Miles) ("Here the district court examined the merits to decide whether to dismiss the case or to transfer the case to Florida [under] 28 U.S.C. § 1631. Because the district court admitted it lacked jurisdiction, the court should not have examined the merits.") (citing *Christensen v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818-19 (1988)).

which an appeal can be taken. The majority view of the federal appellate courts is that an order of transfer under 28 U.S.C. § 1631 is a non-appealable collateral order.") (citing *Gonzales v. US*, No. 98-6099 (6th Cir. Oct. 1, 1998) and *Mario Gonzales v. Taylor*, No. 98-6062 (6th Cir. Sept. 22, 1998) (citing *FDIC v. McGlamery*, 74 F.3d 218, 221-22 (10th Cir. 1996) and *Middlebrooks v. Smith*, 735 F.2d 431, 432-33 (11th Cir. 1984))), *dis. of habeas corpus aff'd sub nom. White v. Barron*, 83 F. App'x 113 (6th Cir. 2003), *cert. denied*, 540 U.S. 1226 (2004).[4]

**The court declines to issue a certificate of appealability.**

**IT IS SO ORDERED this 7th day of July, 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[4]

As Judge Donald of the Eastern District of Tennessee explained in a similar case:

As any appeal would be devoid of jurisdiction, the appellant would plainly not be able to show that an appeal involves "a question of some substance, or a substantial showing of the denial of [a] federal right," as required by 28 U.S.C. § 2253. Accordingly, the court denies a certificate of appealability under 28 U.S.C. § 2253.

For the same reasons, any appeal would lack an arguable basis either in law or in fact, and would, therefore, be frivolous. The Court, therefore, certifies pursuant to FED. R. APP. P. 24(a) that any appeal taken is not in good faith and that the appellant may not proceed on appeal *in forma pauperis*.

*White*, 53 F. Supp.2d at 980.